## KELLEY, administrator, *v.* JEFFRIES *et al.*

1. The demurrer to the petition, raising the question of the jurisdiction of the superior court of the county in which the suit was brought, was properly overruled.

2. The court erred in ruling that the defendant, the administrator whose removal was sought by the petition, was incompetent to testify to transactions between himself and the intestate.

3. No valid reason for the failure to produce the originals of certain recorded mortgages and notes having been shown by the party offering them, the court erred in admitting certified copies of the documents in evidence over the objection that the originals were the highest and best evidence and should be produced.

4. The application for appointment of the party whose removal from the office of administrator is sought does not show on its face a want of jurisdictional facts, so as to authorize the court to hold that his appointment was void as a matter of law. Whether or not he was in fact a creditor and therefore qualified to act as administrator may be made to appear on the next trial.

No. 311. FEBRUARY 28, 1918.

Injunction and receivership. Before Judge Crum. Irwin superior court. March 26, 1917.

Mrs. C. B. Jeffries, suing in her own behalf and as next friend of C. B. Jeffries and Emma Jeffries, minor children of herself and of C. B. Jeffries, deceased, and in behalf of certain named creditors of the deceased, brought her petition to the superior court of Irwin county, against Mrs. Alice Jeffries of that county, and against I. T. Kelley of Jasper county, as administrator of the estate of C. B. Jeffries, deceased, alleging as follows: C. B. Jeffries was a resident of Irwin county, and engaged in farming in that county. He died intestate on September 2, 1916, leaving as

his heirs at law his wife and the two minor children mentioned above. In the year 1916 he conducted farming operations on 400 acres of land, a twelve-horse farm, on which are produced yearly crops of large value. At the time of his death he owned twelve head of mules of the value of $150 per head, and other personal property of large value; moreover he carried life insurance payable to his estate in the sum of $7,500. On October 2, 1916, I. T. Kelley, who was not related to C. B. Jeffries in any manner, filed in the office of the court of ordinary of Irwin county his application to be appointed administrator of the estate of the decedent, alleging that "petitioner has been selected in writing by Mrs. C. B. Jeffries, the widow of the said C. B. Jeffries, and the person entitled to administer upon said estate, to act as administrator;" and on November 6, 1916, an order was duly passed upon this application, appointing the applicant administrator as prayed, and he was required to give bond in the sum of $12,000. It is charged that he knowingly and intentionally undervalued and misrepresented the value of the personal estate of C. B. Jeffries, who at the time of his death owned personal property worth at least $21,000, consisting of cattle, horses, mules, hogs, wagons, etc., besides the $7,500 life insurance; which misrepresentation was made to induce the court of ordinary to fix the bond at a lower amount than was proper. Prior to the date of the appointment of the administrator, and after the death of C. B. Jeffries, Mrs. Alice Jeffries, his mother, who had resided with him, took control of all his personal property, disposing of it as though it belonged to her; and she did not account to the administrator for the value of this property, but on the contrary "conspired with said Kelley to claim the property as her own, notwithstanding the fact that both she and Kelley well knew that the title to said property was in the said C. B. Jeffries at the time of his death;" and these two "conspired in disposing of the property with the purpose and intention of cheating and defrauding the estate of the said C. B. Jeffries." Further charges were made of conspiracy and acts of waste; and it was alleged that the defendants were putting forth and asserting claims of Mrs. Alice Jeffries in order to defraud Mrs. C. B. Jeffries and her two minor children. The prayers were, for process, for injunction against both defendants, and for the appointment of a receiver to take charge of all the property, money, and effects belonging to

the estate of C. B. Jeffries; that the defendants be enjoined from interfering in any manner with any of this property, and be required to account for the property, money, and effects which belonged to C. B. Jeffries, and which were taken charge of by them, and be required to restore to the receiver the full value of the property so taken by them; and that the receiver be authorized to fully administer and distribute the estate to petitioners and to creditors. A demurrer to the petition was overruled; and upon the hearing the court passed an order removing Kelley from the office of administrator and appointing a receiver. To this order Kelley excepted.

*A. S. Thurman, Philip Newbern,* and *Homer E. Oxford,* for plaintiff in error.

*Quincey & Rice* and *Rogers & Rogers,* contra.

BECK, P. J. (After stating the foregoing facts.)

1. The court properly overruled the ground of demurrer that it did not appear that the superior court of Irwin county had jurisdiction of the demurrant, inasmuch as this was an equitable petition and there was no party residing in that county against whom substantial relief was prayed. The petition charged conspiracy between Kelley as administrator of the estate of C. B. Jeffries, deceased, and Mrs. Alice Jeffries, and alleged that Mrs. Alice Jeffries was a resident of Irwin county; that the conspiracy was entered into for the purpose of defrauding the estate of C. B. Jeffries and the distributees and the creditors thereof; that Mrs. Alice Jeffries had taken control of personal property of large value belonging to the estate, and her wrongful acts were being connived at by the acting administrator; and that he had knowingly misrepresented and undervalued the personal property belonging to the estate. And it was prayed that both defendants be enjoined from interfering further with the property of the estate, and that Mrs. Alice Jeffries be required to account for the property she had taken, and to turn it or its value over to the receiver. It is manifest that substantial relief was prayed against Mrs. Alice Jeffries, a resident of Irwin county.

2-4. The rulings made in headnotes 2, 3, and 4 require no elaboration.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*